IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIA VILLALOBOS,<br><br>    PLAINTIFF,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br>MURIEL BOWSER, District of Columbia Mayor in her official capacity, HANSEUL KANG, Superintendent of the Office of the State Superintendent of Education, in her official capacity, ANTOINETTE MITCHELL, Assistant Superintendent of the Office of the State Superintendent for Education, Postsecondary and Career Education, in her official capacity, and TERRENCE ALBERT, Program Director for the District of Columbia Tuition Assistance Grant Program, in his official capacity<br><br>    DEFENDANTS. | Civil Action No. |

**ORIGINAL COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.   This civil rights action challenges the District of Columbia rule that disqualifies certain

District residents from receiving valuable college financial aid solely on the basis of their

1

parents' immigration status. Plaintiff Natalia Villalobos is a native-born United States citizen whose mother is a lawfully-present non-citizen granted Temporary Protected Status by the U.S. Department of Homeland Security. Although Ms. Villalobos and her mother live in the District of Columbia, Defendants denied Ms. Villalobos financial aid under the D.C. Tuition Assistance Grant Program (DCTAG) after concluding that the mother of Ms. Villalobos cannot establish residency in the District of Columbia because of her immigration status. Plaintiff seeks declaratory and injunctive relief to halt implementation of Defendants' discriminatory rule and permit her access to the tuition assistance that she needs in order to pursue a college degree.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367(a). This Court has original jurisdiction over Plaintiff's request for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202. Venue is proper in this District under 28 U.S.C. § 1391(b). Plaintiff seeks relief under 42 U.S.C. § 1983 to redress the deprivation, under color of law, of rights secured by the United States Constitution.

## PARTIES

3. Plaintiff NATALIA VILLALOBOS is a native-born United States citizen, life-long resident of the District of Columbia, and an unsuccessful applicant for financial assistance under DCTAG. Ms. Villalobos is nineteen years old and resides with her mother, a lawfully-present non-citizen granted Temporary Protected Status by the U.S. Department of Homeland Security pursuant to 8 U.S.C. § 1254a.

4. Defendant DISTRICT OF COLUMBIA administers and oversees the Office of the State Superintendent of Education ("OSSE"), which in turn administers the DCTAG program.

5. Defendant MURIEL BOWSER is the Mayor of the District of Columbia. Defendant Bowser oversees OSSE, which administers the DCTAG program. She is sued in her official capacity.

6. Defendant HANSEUL KANG is the Superintendent of OSSE. In that role Ms. Kang oversees and administers OSSE, including the DCTAG program. She is sued in her official capacity.

7. Defendant ANTOINETTE MITCHELL is the Assistant Superintendent of the Division of Postsecondary and Career Education within OSSE. In this role she oversees and administers the various programs within her division of the agency, including DCTAG. She is sued in her official capacity.

8. Defendant TERRENCE ALBERT is the Program Director of the DCTAG program within OSSE's Division of Postsecondary and Career Education. In this role he oversees and administers the grants to students under the DCTAG program. He is sued in his official capacity.

**FACTUAL ALLEGATIONS**

**The DCTAG Program**

9. The U.S. Congress created DCTAG to address the limited public postsecondary education offerings available to District of Columbia residents and to "enable college-bound residents of the District of Columbia to have greater choices among institutions of

higher education."[1]

10. The DCTAG program provides grants of up to $10,000 to be applied to the difference between in-state and out-of-state tuition at qualifying public colleges and universities, including two-year junior colleges.  DCTAG also provides up to $2,500 per academic year toward tuition at qualifying private colleges, including Historically Black Colleges and Universities. Currently, DCTAG supports students attending over 300 colleges and universities.

11. The DCTAG program is codified at D.C. Code §§ 38-2701 *et. seq.*

12. The District of Columbia Mayor administers and "develop[s] policies and procedures for the administration of the [DCTAG] program." D.C. CODE § 38-2702(f)(1), (2).

13. The Mayor carries out the DCTAG program through OSSE, the District of Columbia executive agency that is charged with raising the quality of education for all District of Columbia residents.

14. OSSE administers federal education programs and grants in the District of Columbia, including DCTAG.

15. In its role in administering the DCTAG program, OSSE evaluates individual applications for DCTAG grants and determines whether an individual applicant is eligible or ineligible for the program. OSSE's responsibility further includes reviewing the appeal of individual ineligibility determinations in cases where an individual application for DCTAG has been denied.  *See* D.C. MUN. REGS. tit. 29 § 7005.

---

[1] D.C. Code Ann. § 38-2701 *et seq*; *see also* Alexandra Hegji, *The District of Columbia Tuition Assistance Grant (DCTAG) Program*, Congressional Research Service, https://fas.org/sgp/crs/misc/R41313.pdf (last visited  February 16, 2016).

**Eligibility for DCTAG**

16. Among other requirements, DCTAG regulations provide that a student applicant must "be domiciled in the District of Columbia for not less than 12 consecutive months preceding the commencement of the freshman year at an institution of higher education," in order to qualify for DCTAG. *See* D.C. CODE § 38-2702 (c)(2); D.C. MUN. REGS. tit. 29 § 7000.2.

17. For student applicants age 18 and over, including Ms. Villalobos, the regulations provide a presumption of mirrored domicile with the applicant's parent or person on whom he or she depends. *See* D.C. MUN. REGS. tit. 29 § 7002.4.

18. In addition to the domicile policy set out in the D.C. Code, OSSE enforces a domicile policy that requires student applicants (or the parents of dependent student applicants) to "have a citizenship status that allows them to establish domicile in the District of Columbia."[2]

19. Under OSSE's additional domicile policy, individuals who are not United States citizens must establish that they are lawful permanent residents, certain refugees, asylees, indefinite parolees, or holders of certain visas in order to establish domicile in the District for the purposes of DCTAG.[3]

20. Under OSSE's additional domicile policy, non-U.S. citizens who do not hold any of the above-listed immigration statuses are unable to establish domicile in the District for the

---

[2] *See* OSSE, DC TUITION ASSISTANCE GRANT ELIGIBILITY CRITERIA, http://osse.dc.gov/dctag/eligibility-criteria (last visited February 16, 2017).

[3] *See* OSSE, DC-TAG GUIDANCE FOR STUDENTS WITH SPECIAL CIRCUMSTANCES, http://c3n-dc.com/uploads/201310011209461068_TAG_Students_with_Special_Circumstances.pdf (last visited February 16, 2017).

5

purposes of DCTAG.

21. As a result of OSSE's additional domicile policy, dependent student applicants whose non-U.S. citizen parents do not hold any of the above-listed immigration statuses are declared ineligible by OSSE for DCTAG and barred from receiving tuition assistance under the program.

**Plaintiff Natalia Villalobos**

22. Plaintiff Natalia Villalobos is a nineteen-year-old United States citizen who was born in the District of Columbia and has lived in the District of Columbia for her entire life.

23. Ms. Villalobos attended elementary school, middle school, and high school within the District of Columbia. In 2015, Ms. Villalobos graduated from Emerson Preparatory High School in the District of Columbia.

24. In the spring of 2015, during the second semester of her senior year in high school, Ms. Villalobos applied for funding through the DCTAG program for the 2015-2016 academic year.

25. At all times relevant herein, including all occasions on which she applied for DCTAG tuition assistance, Ms. Villalobos was domiciled in the District of Columbia and resided with and was a dependent of her mother.

26. The mother of Ms. Villalobos is lawfully present in the United States as a grantee of Temporary Protected Status ("TPS") from the United States Department of Homeland Security ("DHS"). Pursuant to 8 U.S.C. § 1254a, TPS is granted by the Secretary of DHS to qualifying nationals of countries where local conditions prevent the country's nationals from returning safely. A grant of TPS allows the recipient to live and work

lawfully in the United States during the period of the grant.

27. Pursuant to OSSE's additional domicile policy, non-citizens granted Temporary Protected Status, including the mother of Ms. Villalobos, are not eligible to establish domicile in the District of Columbia despite being lawfully present in the United States.

28. Although Ms. Villalobos was otherwise eligible for DCTAG, on June 17, 2015, OSSE denied her 2015-2016 application. In the denial letter, Defendant Mitchell wrote to Ms. Villalobos that "You are ineligible because you did not fill the below criteria: Parent is not a US Citizen or Permanent Resident." Upon information and belief, Ms. Villalobos was not informed of her right to appeal OSSE's ineligibility determination for the 2015-2016 academic year.

29. On June 27, 2016, Ms. Villalobos reapplied for DCTAG benefits, this time for the 2016-2017 academic year. On June 29, 2016, Defendant Mitchell sent Ms. Villalobos an "ineligible notice" that stated: "You are ineligible because you did not fill the below criteria: Parent did not have an eligible citizenship status for the 2015-16 application year. Applicant will never be eligible for DCTAG."

30. Ms. Villalobos appealed the denial of her application for DCTAG on July 22, 2016. DCTAG did not respond to her appeal. On or about October 5, 2016 Ms. Villalobos contacted the DCTAG office and spoke to Mr. Kenneth Howard, OSSE operations manager, who informed her that her appeal had been denied, explaining that she was ineligible for DCTAG because her mother did not have the requisite immigration status.

31. On January 17, 2017, Ms. Villalobos wrote to the DCTAG program asking for additional information related to the denial of her DCTAG applications. In response to Ms.

Villalobos's requests, Defendant Albert wrote to Ms. Villalobos that "the reason for your ineligibility was due to your parent not being able to provide proof of non-citizen status." Mr. Albert further indicated that Ms. Villalobos "will never be eligible for DCTAG due to your parent's status[.]"

32. Ms. Villalobos applied and was admitted to Montgomery College, in Montgomery County, Maryland and expects to begin classes during the 2017 summer term. District of Columbia residents attending Montgomery College are eligible to receive tuition assistance under DCTAG.

33. Ms. Villalobos needs DCTAG tuition assistance in order to pay for her tuition at Montgomery College. Without DCTAG tuition assistance, Ms. Villalobos will be unable to attend college at Montgomery College or elsewhere.

34. As a result of its additional domicile policy, OSSE denies DCTAG tuition assistance to otherwise eligible dependent students, including United States citizens like Ms. Villalobos, because their parents do not hold one of the immigration statuses listed in its policy.

35. OSSE's additional domicile policy is found neither in the D.C. Code provisions establishing DCTAG nor in the implementing regulations for DCTAG.

### FIRST CAUSE OF ACTION
### (Fifth Amendment Equal Protection)

36. The foregoing allegations are repeated and incorporated as though fully set forth herein.

37. By barring Plaintiff from receiving DCTAG tuition assistance on the basis of her mother's immigration status, Defendants deny Plaintiff equal protection of the laws by

8

treating Plaintiff differently from other similarly situated individuals who are dependents of residents of the District of Columbia.

38. Defendants do not have a constitutionally valid justification to support this policy.

39. Defendants' policy cannot survive constitutional scrutiny.

### SECOND CAUSE OF ACTION
### (Fifth Amendment Due Process)

40. The foregoing allegations are repeated and incorporated as though fully set forth herein.

41. OSSE's additional domicile policy for DCTAG eligibility infringes on Plaintiff's liberty interest in residing with her mother.

42. Defendants' policy and practice of classifying Plaintiff as ineligible for tuition assistance under the DCTAG program because she is a dependent of a parent who lacks an immigration status required by OSSE penalizes Plaintiff and infringes on her fundamental right to familial association in violation of the Fifth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION
### (Supremacy Clause)

43. The foregoing allegations are repeated and incorporated as though fully set forth herein.

44. Defendants' additional domicile policy classifies non-citizens in a manner inconsistent with federal law and is preempted as an impermissible regulation of immigration. Defendants' additional domicile policy is also preempted because it impermissibly intrudes on the field of immigration which is occupied by the federal government and because it conflicts with federal immigration law.

## FOURTH CAUSE OF ACTION
**(District of Columbia Administrative Procedures Act- Policy Adopted Outside of Statutory Authority)**

45. The foregoing allegations are repeated and incorporated as though fully set forth herein.

46. Defendants' additional domicile policy is *ultra vires*. The policy was enacted and is currently enforced without statutory authority in violation of the District of Columbia Administrative Procedures Act, D.C. CODE §2-510.

47. Defendants have added new requirements for the DCTAG program contrary to the terms of the controlling District of Columbia statutes, including D.C. CODE §§ 38.2702(c)(2), 238.2704(c)(2) (defining eligibility to receive funds).

## FIFTH CAUSE OF ACTION
**(District of Columbia Administrative Procedures Act – Notice, Comment, and Publication)**

48. The foregoing allegations are repeated and incorporated as though fully set forth herein.

49. Defendants' additional domicile policy was enacted without following the required procedures under the District of Columbia Administrative Procedures Act, D.C. CODE §2-510.

50. Specifically, Defendants' policy, which denies Plaintiff and others DCTAG eligibility based on the immigration status of their parents, was not subject to the notice, comment, and publication provisions of the District of Columbia Administrative Procedures Act. *See* D.C. CODE §§ 2-558; 2-505. Accordingly, the policy is invalid.

## ATTORNEYS' FEES AND COSTS

51. Plaintiff is entitled to an award of reasonable attorneys' fees and costs under 42 U.S.C. §1988.

**PRAYER FOR RELIEF**

52. Because of the actions alleged above, Plaintiff seeks judgment against Defendants as follows:

   A. A declaratory judgment under 28 U.S.C. § 2201 that Defendants' policy is unlawful and invalid;

   B. A permanent injunction under 28 U.S.C. § 2202 prohibiting Defendants from enforcing OSSE's additional domicile policy.

   C. A permanent injunction under 28 U.S.C. § 2202 ordering Defendants to award Plaintiff DCTAG tuition assistance consistent with the DCTAG statute and regulations.

   D. An order awarding Plaintiffs costs of suit, and reasonable attorneys' fees and expenses under 42 U.S.C. § 1988 and any other applicable law; and

   E. Such other and further relief as the Court deems equitable, just, and proper.

Dated: February 28, 2017                    Respectfully Submitted,

                                            ___/s/Nina Perales_____
                                            Nina Perales (D.C. Bar No. TX0040)
                                            MEXICAN AMERICAN LEGAL
                                            DEFENSE AND EDUCATIONAL FUND
                                            110 Broadway, Suite 300
                                            San Antonio, Texas 78205
                                            Tel:  (210) 224-5476
                                            Fax:  (210) 224-5382

                                            *Burth G. López (D.C. Bar No. 976981)
                                            MEXICAN AMERICAN LEGAL
                                            DEFENSE AND EDUCATIONAL FUND

1016 16th Street N.W., Suite 110
Washington, DC 20036
Tel: (202)572-0695
Fax: (202)293-2849
*(Application for Admission Pending)

Counsel for Plaintiff Villalobos